# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00321-MR-DLH

| | |
|---|---|
| KRISTEN DESIREE PEAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 8], the Defendant's Response to Plaintiff's Motion to Receive New Evidence [Doc. 12], the Plaintiff's Motion for Summary Judgment [Doc. 16], and the Defendant's Motion for Summary Judgment [Doc. 10].

## I. PROCEDURAL HISTORY

The Plaintiff Kristen Desiree Peak received supplemental security income as a child, beginning on February 8, 2006. [T. 464-76]. The Agency found that she was no longer disabled when she reached eighteen (18) years old. [T. 477]. The Plaintiff had a hearing before an Administrative Law Judge ("ALJ") on August 9, 2012. [T. 499-533]. On

October 18, 2012, the ALJ issued an unfavorable decision. [T. 16-26]. On October 9, 2013, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 6-8]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. See Hays, 907 F.2d at 1456; see also Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. PLAINTIFF'S SUBMISSION OF NEW EVIDENCE

The Plaintiff seeks consideration of new evidence in this case, particularly the fully favorable decision which was later issued as effective one day after the first ALJ's decision, along with the medical consultant's review of the psychiatric review technique form and the mental residual functional capacity assessment, and the Third Party Adult Function Report dated December 24, 2012 by Laura P. Peak. [Docs. 8-9]. The Plaintiff argues that such evidence is new and material evidence that should be considered in this Court's evaluation of the appeal of the ALJ's unfavorable decision. [Docs. 8-9, 11].

According to the sixth sentence of 42 U.S.C. § 405(g), the Court "may . . . at any time order additional evidence to be taken before the Secretary,

3

but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." Evidence is new if it is not "duplicative or cumulative," Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991), and it is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96. Although evidence does not have to have existed during the period under consideration by the instant case's ALJ, it must relate to that period, Jackson, 1:09CV467, 2011 WL 2694623 at *2 (citing Bradley v. Barnhart, 463 F. Supp. 2d 577 (S.D. W.Va. 2006)), and must "bear directly and substantially on the matter in dispute." Jackson, 1:09CV467, 2011 WL 2694623 at *2 (quoting Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001)).

As noted by the Fourth Circuit, "[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Baker v. Comm'r of Soc. Sec., 520 F. App'x 228, 229 (4th Cir. 2013) (quoting Allen v. Commissioner, 561 F.3d 646, 653 (6th Cir. 2009)). When "disability is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences [,] . . . the disability onset date might reasonably be

4

sometime prior to the ALJ's decision respecting the prior applications in view of a subsequent finding of disability." Reichard v. Barnhart, 285 F. Supp. 2d 728, 736 n. 9 (S.D. W.Va. 2003).

Here, the subsequent favorable determination of the Plaintiff's disability "itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence." Baker, 520 F. App'x at 229 (citations omitted).[1] The Plaintiff expressly states that the medical "records of the inpatient hospitalization at the Copestone Unit of Memorial Mission Hospitals, which were considered and relied upon by the DDS analyst in the new claim, *were also present in the earlier claim*, which ALJ Howard refused to approve." [Doc. 9 at 6] (emphasis added). See also Doc. 9 at 7 (noting that "[i]t is quite clear from the DDS analysis documents, that the long-standing problems of the Plaintiff are recognized in the analysis, which resulted in the fully favorable decision to the Plaintiff by DDS, *indeed based on the same inpatient notes* above referred to from

---

[1] This case is distinguishable from Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010), which the Plaintiff cites for the assertion that the adverse decision in this case should be remanded "to reconcile it with the later, fully favorable decision." [Doc. 9 at 3]. In Luna, 623 F.3d at 1035, remand was necessary due to the possibility that new medical evidence had been submitted and the uncertainty for the difference in the two decisions. Contrary to the Plaintiff's argument that "we do not have a decision from the U.S. Court of Appeals from the 4th Circuit speaking clearly to this issue" of remand upon the introduction of new and material evidence, the Fourth Circuit has addressed this issue in the cases as stated above.

5

the Copestone Unit of Mission Hospitals.) (emphasis added). See also Doc. 9 at 8 (stating "[w]e thus respectfully urge this case be returned to the Commissioner for further evaluation, to reconcile decisions that now are inconsistent, *based on the same medical evidence* . . .").

The Plaintiff has failed to show that there was any new or material *evidence* from the documents she proposes to admit into evidence that would have changed the outcome of her initial case. See Wilkins, 953 F.2d at 93 and 96. Notably, the Plaintiff does not make any mention in her argument of the medical consultant's review of the psychiatric review technique form and the mental residual functional capacity assessment, or the Third Party Adult Function Report dated December 24, 2012 by Laura P. Peak. Thus, the subsequent favorable decision for the Plaintiff, along with the medical consultant's review of the psychiatric review technique form and the mental residual functional capacity assessment, and the Third Party Adult Function Report dated December 24, 2012 by Laura P. Peak, will not be considered in this case. The initial decision will not be remanded on the basis of the subsequent favorable decision and accompanying documents.

**IV. THE SEQUENTIAL EVALUATION PROCESS**

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age,

education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## V. THE ALJ'S DECISION

On October 18, 2012, ALJ Howard issued a decision denying the Plaintiff's claim. [T. 16-26]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period at issue. [T. 19]. The ALJ then found that the medical evidence established the following severe combination of impairments: an affective disorder, oppositional defiant disorder, history of attention deficit hyperactivity disorder, and possible passive aggressive personality traits. [T. 19]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [T. 20].

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability to perform a full range of work at all exertional levels but with the following nonexertional limitations: "able to perform simple, routine, repetitive tasks; able to maintain concentration and persistence for simple, routine, repetitive tasks; able to adapt to routine changes in a work setting; and limited to work that requires no interaction with the public and no more than occasional interaction with coworkers and supervisors." [T. 22]. Because the Plaintiff has no past relevant work, the

ALJ found that the transferability of job skills was not an issue. [T. 24]. Finally, the ALJ ruled that since October 1, 2010, considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" and that the Plaintiff was not disabled since October 1, 2010. [T. 24-25].

## VI.   DISCUSSION[2]

The Plaintiff first asserts the following assignment of error: (1) that the ALJ "failed to assign appropriate weight to the mental health evidence in the record, from the treating clinicians of the Plaintiff, both from the outpatient evaluation and treatment by clinicians of Family Preservation Services on June 22, 2011 and following (A.R., pp. 427-444), and also the inpatient treatment records from the Copestone unit of Mission Hospitals, reflecting treatment in August 2012 (A.R., pp. 445-455). These records should have been evaluated in the context of the earlier screening notes from Western Highlands (7/10/2008), which appears in the Administrative Record at pages 376-379 and the progress note of Families Together, Inc. (11/3/2009) which appears in the Administrative Record at pages 370-375.

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Those records reveal severe mental health impairments and the failure of the Administrative Law Judge to properly evaluate those records and make findings there from constitutes an error of law, to the prejudice of the Plaintiff." [Doc. 11 at 1-2].

Next, the Plaintiff asserts the following assignment of error: "[c]ontrary to the findings of ALJ Charles R. Howard, the Plaintiff continued to be disabled after October 1, 2010, when ALJ Howard found that her disability had ceased and she was thereafter not entitled to receive child's insurance benefits." [Id.].

The Court will address each of these assignments of error in turn.

### A. The ALJ's Assignment of Weight to Mental Health Evidence

As to Plaintiff's first assignment of error, it is required that an ALJ evaluate every medical opinion received in the record, regardless of its source. 20 C.F.R. § 404.1527(c). A "medical opinion" is a "judgment [ ] about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). In evaluating the weight of a medical source, the ALJ must consider certain factors including: the examining relationship, the length of the treatment relationship, the

frequency of examination, the nature and extent of the treatment relationship, the supportability of the medical source, the consistency of the medical source, the specialization of the provider, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1–6).

An ALJ must give controlling weight to the opinion of a claimant's treating physician when the opinion concerns the nature and severity of an impairment, is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). Thus, an opinion of a treating physician is not entitled to controlling weight if it is unsupported by medically acceptable clinical and laboratory diagnostic techniques and/or inconsistent with other substantial evidence of record. Id.; see also Rogers v. Barnhart, 204 F. Supp. 2d 885, 893 (W.D.N.C.2002) ("Even the opinion of a treating physician may be disregarded where it is inconsistent with clearly established, contemporaneous medical records").

Initially, the Court notes that it will only consider the arguments that have been briefed in this case. Here, the Plaintiff's counsel has merely referenced the subsequent favorable decision by DDS based on the mental health evaluators' review of the Plaintiff's mental health records. [Doc. 11

at 9]. As discussed previously, this Court will not consider the Plaintiff's subsequent medical evidence in the determination of this case. Further, the Plaintiff's counsel "respectfully call[s] to the Court's attention" numerous court cases, but provides no argument regarding how he claims the ALJ erred in his assessment of the Plaintiff's mental health evidence. [Id.]. It is not the job of this Court to parse the Plaintiff's mental health records prior to her hearing to substitute its judgment for the ALJ's judgment. The ALJ discussed the Plaintiff's mental conditions, [T. 19-21], but found that her mental conditions did "not cause [her] at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration" to meet the "paragraph B" criteria [T. 21].

Further, an ALJ 's "failure to discuss every specific piece of evidence 'does not establish that [the ALJ] failed to consider it.'" Mitchell v. Astrue, No. 2:11-cv-00056-MR, 2013 WL 678068 (W.D.N.C. Feb. 25, 2013) (quoting Elias v. Astrue, No. 3:07-cv-43, 2008 WL 191662, at *21 (N.D. W.Va. Jan. 22, 2008)). Although the ALJ did not discuss every individual piece of the Plaintiff's mental health evidence, any error by the ALJ in this respect was not prejudicial, because his decision was based upon substantial record evidence.

Thus, the Plaintiff's first assignment of error is without merit.

### B.  Subsequent Disability Determination

The Plaintiff next claims that "[c]ontrary to the findings of ALJ Charles R. Howard, the Plaintiff continued to be disabled after October 1, 2010, when ALJ Howard found that her disability had ceased and she was thereafter not entitled to receive child's insurance benefits." [Id.].

In support of her second assignment of error, the Plaintiff references her argument supporting her Motion to Receive New and Material Evidence. [Doc. 9]. As discussed previously, this Court will not consider the Plaintiff's subsequent disability determination in this case.

Thus, the Plaintiff's second assignment of error is without merit.

### O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**; the Defendant's Motion for Summary

Judgment [Doc. 16] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is **DISMISSED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge